IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRAD MILLER, Individually and §
d/b/a FILM-TECH §
 §
    Plaintiff, §
 §
VS. § NO. 3-07-CV-1997-M
 §
KYLE McEACHERN §
 §
    Defendant. §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Kyle McEachern has filed a Rule 12(b)(6) motion to dismiss this civil action brought by Plaintiff Brad Miller, Individually and d/b/a Film-Tech, asserting claims for breach of an oral partnership agreement, conversion, and breach of fiduciary duty under Texas law. As grounds for his motion, defendant contends that any claims arising under the alleged oral partnership agreement are barred by the statute of frauds.[1] The issues have been fully briefed by the parties and the motion is ripe for determination.

A Rule 12(b)(6) motion "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997). In most cases, a motion to dismiss is determined by whether the facts alleged in the complaint, if true, give rise to a cause of action. *See Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.

---

[1] Defendant also moved to dismiss this case on the grounds that plaintiff's allegations of breach are "trivial, untrue, and immaterial." (*See* Def. Mot. at 2). On November 7, 2008, the district judge denied that aspect of the motion, leaving only the issue of whether plaintiff's claims are barred by the statute of frauds.

1994). However, "when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Id., quoting Clark v. Amoco Production Co.,* 794 F.2d 967, 970 (5th Cir. 1986).

In his amended complaint, plaintiff alleges that he and defendant formed a partnership for the purpose of developing and marketing a software program, called ShoWizard Pro, that could be used by movie theaters to stagger show times so that physical operations at the theaters would not be overwhelmed by numerous movies starting and ending at once. (*See* Plf. Am. Compl. at 3, ¶ 8). The alleged partnership agreement, which plaintiff admits was never reduced to writing, was first negotiated in April 2005, and later revised in March 2007. (*Id.* at 3, ¶ 8 & 4, ¶ 10). Under the terms of the agreement, plaintiff would advance cash for any business-related expenses and provide industry-specific consulting services. (*Id.* at 4, ¶ 9). Defendant would write the computer code and develop the technical aspects of the program. (*Id.*). If revenues were generated from the sale or license of the software program, plaintiff would be repaid the expenses he advanced and, thereafter, the parties would share the profits equally. (*Id.*). After he advanced considerable sums of money to defendant and paid for the parties to attend a trade show in October 2007, plaintiff maintains that defendant lost interest in the project, refused to communicate with him, and denied him access to the software program. (*See id.* at 5-8, ¶¶ 10, 11, 13, 15 & 19).

Defendant now seeks dismissal of this suit on the grounds that the "verbal partnership dating back to April 2005" is barred by the statute of frauds. (*See* Def. Mot. at 8). Under Texas law, a partnership may be formed without a written agreement. TEX. REV. CIV. STAT. ANN. art. 6132b-1.01(12) (Vernon Supp. 2005) ("'Partnership agreement' means any agreement, written or oral, of the partners concerning a partnership."); *see also Long v. Lopez,* 115 S.W.3d 221, 225 (Tex. App.--

Fort Worth 2003, no pet.). However, an oral agreement to form a partnership is subject to the statute of frauds, which bars enforcement of "an agreement which is not to be performed within one year from the date of making the agreement," unless the agreement is "in writing [ ] and signed by the person to be charged with the . . . agreement or by someone lawfully authorized to sign for him." TEX. BUS. & COMM. CODE ANN. § 26.01(a) & (b) (Vernon Supp. 2007); *see also Gano v. Jamail*, 678 S.W.2d 152, 153-54 (Tex. App.--Houston [14th Dist.] 1984, no pet.) (oral partnership agreement is subject to requirements of statute of frauds). By its terms, the statute of frauds applies only to oral agreements which cannot be performed within one year. *Gano*, 678 S.W.2d at 153-54. "A contract that could *possibly* be performed within a year, however improbable performance within one year may be, does not fall within the statute of frauds." *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 149 (Tex. App.--Houston [1st Dist.] 2005, pet. denied); *see also Niday v. Niday*, 643 S.W.2d 919, 920 (Tex. 1982); *Miller v. Riata Cadillac Co.*, 517 S.W.2d 773, 775 (Tex. 1974).

Here, plaintiff alleges that the parties formed a partnership in 2005 for the purpose of developing and marketing the ShoWizard Pro software program. (*See* Plf. Am. Compl. at 3-4, ¶ 8). Although the parties worked together for more than two years to accomplish the objectives of the partnership, (*see id.* at 4-5, ¶¶ 9-10), nowhere does plaintiff allege that the partnership agreement established a time limit for the completion of these development and marketing activities. Nor is it apparent from the amended complaint that the acts required to accomplish the purpose of the partnership were of such a nature that they could not have been completed within one year. Without suggesting a view of whether dismissal may be appropriate in another procedural context, such as a motion for summary judgment, the court is unable to conclude at the pleading stage that the alleged oral partnership agreement made the basis of this suit is subject to the statute of frauds. *See, e.g.*

*Chacko v. Mathew*, No. 14-07-00613-CV, 2008 WL 2390486 at *4 (Tex. App.--Houston [14th Dist.] Jun. 12, 2008, no pet.) ("Enforcement of [an] oral agreement is not foreclosed under the statute of frauds when--as here--the time of performance is not established in the oral agreement and the agreement itself does not indicate that performance within a year is impossible."); *Beverick*, 186 S.W.3d at 150 (oral agreement does not fall within the statute of frauds merely because completion within a year proved to be impossible in light of later circumstances).

## RECOMMENDATION

Defendant's Rule 12(b)(6) motion to dismiss [Doc. #28] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 14, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE